UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>DANIEL F. HAINES, et al.,<br><br>               Defendants. | CASE NO. C13-5082 BHS<br><br>ORDER DENYING MOTION TO DISMISS |

This matter comes before the Court on Defendant Daniel F. Haines's ("Haines") motion to dismiss for lack of jurisdiction (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL & FACTUAL BACKGROUND**

On February 13, 2013, Plaintiff the United States of America ("Government") filed a complaint against Haines, Yoshiko Haines, Tradewind Investments, and Pierce County. Dkt. 1. The Government brought this action to reduce to judgment the

outstanding federal tax liabilities assessed against Haines, totaling $799,096.38, and to foreclose federal tax liens upon certain real property of Haines. *Id*. at 1 and 3-5.

On March, 28, 2013, Pierce County entered into a stipulation of priority between the Government and Pierce County, which has an interest arising from Haines's unpaid property taxes in the property that is the subject of this suit. *See* Dkt. 14. In the stipulation, the parties agree that Pierce County's interests in the property taxes are protected and therefore there is no reason for it to further participate with respect to the claims involving those taxes. *Id*. On June 26, 2013, the Court ordered default judgment against Yoshiko Haines, thus terminating her from the action. Dkt. 36.

On April 26, 2013, Haines filed a motion to dismiss. Dkt. 21. On May 9, 2013, the Government responded in opposition. Dkt. 26. Haines did not file a reply brief.

## II. DISCUSSION

Haines argues that he is entitled to dismissal based on lack of jurisdiction because (1) the Internal Revenue Service ("IRS") does not exist; and (2) "the alleged [IRS] debt has been off/set and/or discharged" by a "Private Registered Bond for Set Off" drawn from the "Estate" of Dwayne Keith Crawford or from the "Treasure Trust" of Haines. *See* Dkts. 15, 17, 21 and 22.

The Government maintains that Haines's arguments that the IRS either does not exist or lacks the authority to operate outside of the District of Columbia and that the IRS has been "cancelled" by certain Treasury orders are based on "tired tax defier rhetoric." Dkt. 26 at 1-2. The Government also argues that Haines's "Private Notice" to the Court in which he contends that the liability at issue in this proceeding has been offset "through

ORDER - 2

a fictional transfer from a fantasy trust account maintained by the Department of the Treasury" is "frivolous." Dkt. 26 at 3 (*citing* Dkts. 15 and 17). Similarly, the Government also argues that Haines's contention that his federal tax liabilities have been "satisfied by appointing Keith Crawford as an 'Authorized Representative for the U.S. Treasury' and making an imaginary set-off from his fictional account" is a "frivolous" argument. *Id*.

**A.    Standard for Fed. R. Civ. P. 12(b)(1) Dismissal for Lack of Jurisdiction**

Fed. R. Civ. P. 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Vacek v. U.S. Postal Serv.*, 447 F.3d 124, 1250 (9th Cir. 2006). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Courts lacks subject matter jurisdiction over actions in which the plaintiff lacks standing. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). The burden falls on the plaintiff to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Vacek*, 447 F.3d at 1250. A motion brought under Rule 12(b)(1) may be either facial, where the inquiry is limited to the allegations in the complaint, or factual, where the court may look beyond the complaint to consider extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No.* 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When a defendant makes a facial challenge to jurisdiction, all material allegations in the complaint are taken as true, and the question for the court is whether the lack of jurisdiction appears from the face of the

pleading itself. *See Wolf*, 392 F.3d at 362; *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000). "If the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Wolf*, 392 F.3d at 362 (internal quotation marks omitted). For purposes of considering a motion to dismiss on the grounds of subject matter jurisdiction, a court may consider matters outside of the pleadings. *Association of American Medical Colleges v. United States of America.*, 217 F.3d 770, 778 (9th Cir. 2000).

**B.  Application of Standard**

**1.  Existence of the IRS and Court's Jurisdiction**

The Court agrees with the Government that the Supreme Court has recognized the IRS is an administrative entity organized to carry out the broad responsibilities of the Secretary of the Treasury. Dkt. 26 at 2 (*citing Donaldson v. United States,* 400 U.S. 517, 534 (1971)). Haines's argument that the IRS does not exist is indeed frivolous.

Similarly, as the Government observes, Haines's claim that the Internal Revenue laws are only operable inside the District of Columbia is without merit. *Id.* (*citing In re Becraft*, 885 F.2d 547, 549-50 (9th Cir. 1989)).

Finally, the Court also concurs with the Government that the Court plainly has jurisdiction over this matter. Dkt. 26 at 2. Pursuant to 26 U.S.C. §§ 7401 and 7403, the Attorney General or his delegate may direct that a civil action be commenced upon request of the Secretary of Treasury for the collection or recovery of taxes and to enforce

federal tax liens.  As set forth in the Government's complaint, a delegate of the Secretary of Treasury requested the commencement of this action, and the Attorney General or his delegate directed that this action be commenced.  *See* Dkt. 1 at 1.  This Court has jurisdiction pursuant to 26 U.S.C. § 7402, which, in civil actions, provides district courts with the authority to issue orders, judgments, and decrees that may be necessary or appropriate for the enforcement of the Internal Revenue laws.  Thus, Mr. Haines's arguments that the Government lacks authority to bring this action and that the Court lacks jurisdiction are without merit.

   **2. Offset, Settlement or Discharge of Amount Owed to the IRS**

   On April 9, 2013, a "Private Notice" was filed in this case.  Dkt. 15.  On April 10, 2013, a Letter/Statement by Haines was filed.  Dkt. 17.  Neither the notice nor the letter asks for any relief, but they apparently assert that the tax liabilities at issue in this case have been satisfied or will be based on a purported payment from the "Private Registered Bond for Set Off" drawn from the "Estate Account" of Dwayne Keith Crawford of Cypress, Texas.  *See* Dkt. 15 at 1.  Along with the "notice" and copy of the "Private Registered Bond for Set-Off," a payment voucher is attached, as well as a handwritten note on the first page of a copy of the Government's complaint that appears to attempt to charge $799,096.38 to the IRS Criminal Investigation Division and credit that amount "to the memory of Dwayne Keith Crawford."  *See* Dkt. 15 at 4.  The bottom of the complaint is signed "By Keith Crawford, Authorized Representative for the U.S. Treasury."  *See id*.  A similar note appears to be written in Mr. Haines's submission as well.  *See* Dkt. 17 at 3.  Based on the documents filed with the Court, it seems that Haines believes that through

his "trustee" Keith Crawford (*see* Dkt. 23), he can use the funds in his secret trust accounts, maintained by the Treasury Department for each U.S. Citizen, to pay tax and non-tax debts.

The Government argues, and the Court agrees, that the aforementioned documents are based upon a "patently frivolous tax defier theory of 'redemption,' which contends that the Treasury Department maintains a secret trust account for each U.S. Citizen that individuals could use to pay tax and non tax debts." Dkt. 18 at 2-4.  As the Government clearly points out, courts have rejected these arguments as based on "revisionist legal history and conspiracy theory."  Dkt. 18 at 2 (*citing Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758-61 (W.D. Va. 2007) (listing cases in that reject the redemption theory); *United States of America v. Anderson*, 353 F. 3d 490, 500 (6th Cir. 2003)). While the Court does not rely on unpublished opinions as binding authority, it notes that this jurisdiction has rejected the tax protester theory known as "redemption" as nonsensical. *Palmer v. United States of America,* 2009 WL 161241 at *1 (W.D. Wash. 2009) *(citing Bryant,* 524 F. Supp. 2d 753) (citations omitted).

Under the Internal Revenue Code, payment to the United States Treasury for tax liability is generally limited to checks or money orders.  *See, e.g.*, 26 U.S.C. § 6311(b). Section 6311 of the Internal Revenue Code also allows the Treasury Department to accept payment for taxes by "any commercially acceptable means that the Secretary deems appropriate." *Id*. at § 6311(a). However, as the Government argues, neither the "Internal Revenue Code, nor the pertinent Treasury Regulations allow for the payment of taxes by use of a transfer from a 'Private Registered Bond For Set Off,' much less a

'Private Registered Bond For Set Off' that labels itself 'non-negotiable' and is 'void where prohibited by law,'" as acceptable means of payment for tax liabilities. Dkt. 18 at 3 (*citing* Dkt. 15 at 2). The Court agrees that neither the Internal Revenue Code nor Treasury regulations contemplate the payment of taxes from imaginary Treasury trust accounts. *See* Dkt. 18 at 3. Nor, as the Government maintains, is a meaningless piece of paper that claims to create $300 million or transfer $799,096.38 considered to be "commercially acceptable" form of payment. *Id.* As shown by the declaration of Revenue Officer Steve Baker, there remains a significant federal tax liability in the amount of more than $804,000. *See* Dkt 18-1. Thus, Mr. Haines remains liable. When the method of payment results in the tax being "not duly paid," then the party tendering payment "shall remain liable for the payment of the tax . . . and for all legal penalties and additions, to the same extent as if such check, money order, or other method of payment had not been tendered. 26 U.S.C. § 6311(b).

### III. ORDER

Therefore, it is hereby **ORDERED** that Haines's motion to dismiss (Dkt. 21) is **DENIED**.

Dated this 3rd day of July, 2013.

BENJAMIN H. SETTLE
United States District Judge