UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL HAINES, et al.,

    Defendants.

CASE NO. 3:13-cv-5082-BHS

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant Daniel Haines's ("Haines") motion for reconsideration (Dkt. 39) of this Court's order denying his motion to dismiss (Dkt. 37). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On February 13, 2013, Plaintiff the United States of America ("Government") filed a complaint against Haines, Yoshiko Haines, Tradewind Investments, and Pierce County. Dkt. 1. The Government brought this action to reduce to judgment the outstanding federal tax liabilities assessed against Haines, totaling $799,096.38, and to foreclose federal tax liens upon certain real property of Haines. *Id.* at 1 and 3-5.

On March, 28, 2013, Pierce County entered into a stipulation of priority between the Government and Pierce County, which has an interest arising from Haines's unpaid property taxes in the property that is the subject of this suit. *See* Dkt. 14. In the stipulation, the parties agree that Pierce County's interests in the property taxes are protected and therefore there is no reason for it to further participate with respect to the claims involving those taxes. *Id.* On June 26, 2013, the Court ordered default judgment against Yoshiko Haines, thus terminating her from the action. Dkt. 36.

On April 26, 2013, Haines filed a motion to dismiss. Dkt. 21. On May 9, 2013, the Government responded in opposition. Dkt. 26. Haines did not file a reply brief. On July 15, 2013, Haines filed a motion for reconsideration. Dkt. 39.

## II. DISCUSSION

### A. Motion for Reconsideration Standard

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, although Haines does not cite to the rule governing motions for reconsideration, he seems to argue that the Court committed a manifest error of law in concluding that his motion to dismiss should be denied because, under the requirements of Fed. R. Civ. P. 12(b)(1), the Government failed to submit an affidavit in opposition to

his motion. *See* Dkt. 39 at 1-2. Therefore, he maintains that the Government submitted no evidence supporting its position that Haines's motion to dismiss should be denied, and the Court improperly relied on statements of counsel in the Government's response, which are not evidence. *Id*. at 1-2.

The resolution of Haines's motion did not depend entirely on external evidence. The Court's conclusion about Haines's argument that the IRS does not exist or lacks authority outside the District of Columbia was resolved as a matter of law, without the need to resort to any evidence. *See* Dkt. 37 at 4-5. As to evidence submitted in support of the Government's position regarding the significant amount Haines owes to the IRS, the Government, in its response, and the Court, in its order, relied on the declaration of Revenue Office Steve Baker and attachments thereto (Dkts. 18, 18-1 and 18-2). Dkts. 26 at 3 and 37 at 6-7. It is permissible to rely on relevant evidence already in the record when responding to a motion, rather than file a duplicative declaration or affidavit with the same information.

Haines also argues that the Court erred in failing to dismiss the Government's suit against him because the documents that Haines claims satisfied, discharged or settled his debts owed to the IRS constitute "tender" and "payment" pursuant to provisions of the Washington's Uniform Federal Lien Registration Act ("Act") and the Uniform Commercial Code ("UCC"). Dkt. 39 at 2. The Court finds that neither the cited provisions of the Act nor the UCC alter its prior conclusion. For the same reasons that the Court found frivolous Haines's earlier arguments based on the same documents purporting to satisfy, discharge or settle the debt with the IRS, it finds his present

arguments frivolous. *See* Dkt. 37 at 5-7. As was implicit in its prior order, the Court rejects those documents as ones that satisfy, discharge or settle Haines's debt to the IRS. *Id*. Haines's apparent contention that the Court, as a "party," is supposed to "refuse[]" the documents as "tender of payment" by returning them to the sender pursuant to the Act or the terms of the UCC is non-sensical. Dkt. 39 at 2. The Court is not a party to this case, and the documents on file in this lawsuit and are a matter of public record and will remain so. Moreover, the Court does not have to consider Haines's UCC and Act-based arguments, as Haines could have raised them with exercise of reasonable diligence by including them in his motion to dismiss. Prior to his motion to dismiss, Haines had filed the alleged debt-satisfying documents. *See, e.g.,* Dkts. 15 and 17. The Government put Haines on clear notice of its position regarding those documents by filing responses to them, which explicitly rejected them as satisfying, discharging or settling Haines's IRS debt. *See, e.g.,* Dkts. 15, 17, 18, 18-1 and 18-2.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Haines's motion for reconsideration (Dkt. 21) is **DENIED.**

Dated this 26th day of July, 2013.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge