UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL F HAINES, et al.,<br><br>　　　　　Defendants. | CASE NO. C13-5082 BHS<br><br>ORDER REQUIRING ANSWER AND RENOTING MOTION TO ENTER DEFAULT |

　　This matter comes before the Court on Plaintiff the United States of America's ("Government") motion for entry of default (Dkt. 42). The Court has considered the pleadings filed in support of the motion and the remainder of the file. For the reasons stated herein, the Court hereby orders Tradewind Investments to file an answer through an attorney and renotes the motion for entry of default to August 23, 2012.

　　Tradewind Investments, appearing through its trustee, who is appearing pro se, filed a motion for extension of time on March 18, 20131. This motion was granted, and Tradewind Investments was given until April 26, 2013 to file an answer to the United States' Complaint. *See* Dkts. 9 and 16. On April 20, 2013, the Court entered a Show

ORDER - 1

Cause Order, ordering Tradewind Investments to appear through an attorney, or show cause why it should not face sanctions or penalties for failing to appear through counsel. *See* Dkt 20. Tradewind Investments, through nonattorney Jay Depew, filed a response to the Show Cause Order, asserting that Jay Depew may appear as trustee, pursuant to the laws of the "Republic of Washington" and RCW 11.98.070(35).

The Court did not issue an order regarding Tradewind Investments's response to the Show Cause Order. However, it does so now.

Consistent with the Government's position, the Court finds that Tradewind Investments's contention that a trustee may appear in a judicial proceeding involving a trust entity, however, is simply incorrect. *See* Dkt. 42. In multiple cases, the Ninth Circuit has addressed whether a non-attorney may represent an unincorporated entity. The general rule is that while a non-attorney may represent himself in a lawsuit, he does not have the authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Unincorporated associations, including trusts, like corporations, must appear in court through an attorney. *Id.*; *Maisano v. Welcher*, 940 F.2d 499, 501 (9thCir. 1991); *Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986). Additionally, state law provisions allowing trustees to prosecute claims for the protection of trust assets and Fed. R. Civ. P.17(a) do not serve as authorization for a non-attorney trustee to act as one on behalf a trust. *C.E. Pope*, 818 F.2d at 698. A trustee cannot act in a pro se capacity in a judicial proceeding involving the trust for which he serves as a fiduciary.

      Given the foregoing, Jay Depew, as trustee, cannot represent Tradewind Investments. However, because the Court is just now issuing an order regarding Tradewind Investments's response to its show cause order, the Court finds it appropriate to provide Tradewind Investments with the opportunity to hire an attorney to represent it and, through counsel, to file an answer on or before August 23, 2013, or it will grant the Government's motion for entry of default without further notice to Tradewind Investments. Accordingly, the Government's motion for entry of default (Dkt. 42) is hereby renoted to August 23, 2013.

      **It is so ORDERED.**

Dated this 5th day of August, 2013.

_____
BENJAMIN H. SETTLE
United States District Judge