UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

DANIEL F. HAINES,

               Defendant.

CASE NO. C13-5082 BHS

ORDER RE PRIVATE NOTICE

      This matter comes before the Court on Daniel F. Haines's ("Haines") "Private Notice Demand of Payment in Lieu of Lawful Remedy" (Dkt. 47). The Court has considered the pleadings and the remainder of the file and hereby finds it, consistent with our prior orders, to be an improper and legally frivolous pleading.

      Haines's "private notice" indicates that it is actually from his alleged "Trustee" Dwayne Keith Crawford ("Crawford"). Dkt. 47. The notice reads in part:

> The Respondents listed above are in default and dishonor of negotiable instruments sent privately by Mr. Dwayne Crawford Trustee for Estate trust DANIEL FRANKLIN HAINES CUSIP # 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 To the holder of what is now contraband JUDGE BENJAMIN SETTLE. Negotiable Instruments on certified court documents for the closure and settlement of Cause # 13-5082. These instruments were sent by Certified Mail # 70122920000069717898 in May 2013, and Certified Mail # 70122920000069713531 A previous request was made for the release to the

> DANIEL FRANKLIN HAINES Estate Trust of the original cause, all orders and the plaintiffs bond which should have accompanied plaintiff's deposit of the "Original Petition" through the clerk of this court. These items have not been released.

Dkt. 47 at 1. The respondents to which the notice is addressed are two attorneys for the Government, who have been involved in this case, and this Court. *Id*. The Court explicitly stated in its prior order that the Court is not a party to this action. Dkt. 43 at 4 (Order Denying Haines's Motion for Reconsideration). The United States Government and Haines are the only two parties to this action.

Additionally, these attempted "private" filings by Crawford on Haines's behalf are improper pleadings, since a trustee cannot represent a trust. In multiple cases, the Ninth Circuit has addressed whether a non-attorney may represent an unincorporated entity. The general rule is that while a non-attorney may represent himself in a lawsuit, he does not have the authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Unincorporated associations, including trusts, like corporations, must appear in court through an attorney. *Id*.; *Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991); *Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986). Additionally, state law provisions allowing trustees to prosecute claims for the protection of trust assets and Fed. R. Civ. P.17(a) do not serve as authorization for a non-attorney trustee to act on behalf a trust. *C.E. Pope*, 818 F.2d at 698. A trustee cannot act in a pro se capacity in a judicial proceeding involving the trust for which he serves as a fiduciary.

As to the alleged settlement instruments Haines argues are being held as "contraband" by Judge Settle, the Court has already "reject[ed] those documents as ones that satisfy, discharge or settle Haines's debt to the IRS." Dkt. 37 at 5-7 (Order on Haines's Motion to Dismiss).  The Court has deemed Haines's arguments that those alleged debt-satisfying documents, or types of documents, which he calls "negotiable instruments," are frivolous, i.e. they are based on arguments which are legally without merit.  *See* Dkt. 37 at 5-7 and 43 at 3-4.  The Court finds that the same conclusion applies to the alleged debt-cancelling instrument filed on July 17, 2013 (Dkt. 38). [1]  In short, the Court is not in possession of any documents that satisfy, discharge or otherwise settle Haines's debt to the IRS.

The pleading at issue also demands that the "original petition, all orders and plaintiffs bond" be sent to the "Trustee."  Dkt. 47 at 2.  If Haines would like copies of the documents or orders filed in this case, he can obtain them from the Clerk's office.

Dated this 27th day of September, 2013.

	BENJAMIN H. SETTLE
	United States District Judge

---

[1] Document 38 appears to be another 1A Form 1099-C, Cancellation of Debt, which is used to report the cancellation of a debt, that is treated as income pursuant to 26 U.S.C. §61(a)(12), to the Internal Revenue Service. Although it is not entirely clear, the submission of this document appears to be founded on Haines's meritless contention that he may satisfy his federal tax debts from a secret treasury account maintained on his behalf by the United States Treasury. Haines has raised this contention already in his motion to dismiss and a "private notice" he filed in this proceeding. *See* Dkts.15 and 21. In denying Haines' motion to dismiss, the Court also found the argument that Haines could offset his tax liability through a secret Treasury account to be meritless. Dkt. 37 at 5-7.