UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL F. HAINES,

Defendant.

CASE NO. C13-5082 BHS

ORDER GRANTING MOTION TO DISMISS AND STRIKE COUNTERCLAIMS

This matter comes before the Court on Plaintiff United States of America's ("Government") motion to dismiss or strike counterclaims. Dkt. 57. The Court has considered the pleadings and the remainder of the file and hereby grants the Government's motion for the reasons stated herein.

## I. PROCEDURAL & FACTUAL BACKGROUND

The Government filed the complaint in this action on February 7, 2013. Dkt 1. Defendants Yoshiko ("Ms. Haines") and Daniel Haines ("Mr. Haines") were served on February 21, 2013. Dkts. 11 and 12. Defendant Pierce County was served on February 25, 2013. Dkt 10. Defendant Tradewind Investments ("Tradewind") was served on April 23, 2013. Dkt. 28.

The Government stipulated to priority with Pierce County, resolving the claims between them. Dkt. 14. Default judgment was rendered against Ms. Haines in favor of the Government on June 12, 2013 (Dkt. 36), and default was also entered against Tradewind on August 28, 2013 (Dkt. 48). Mr. Haines filed a motion to dismiss on April 26, 2013, which the Court denied on July 3, 2013. *See* Dkts. 21 and 37. Mr. Haines then appealed the denial of his motion to dismiss, which was dismissed *sua sponte* by the Ninth Circuit. *See* Dkts. 45 and 49. Because Mr. Haines failed to timely answer after the denial of his motion to dismiss, the Government moved for entry of default against Mr. Haines on September 13, 2013. Dkt. 50. On September 23, 2013, Mr. Haines filed an answer. Dkt. 52. The Government withdrew their motion for default on September 26, 2013. Dkt. 54.

On September 27, 2013, the Government filed the instant motion to dismiss or strike Mr. Haines's counterclaims. Dkt. 57. On October 21, 2013, Dwayne Keith Crawford ("Mr. Crawford"), a non-party to this action, filed two statements, which consist of Notices of Federal Tax Liens, documents the Government has submitted in this case, and the Court's order denying Mr. Haines's prior motion to dismiss. *See* Dkts. 58 and 59. On the first page of each document, Mr. Crawford made a handwritten note that appears to instruct a payment to the order of the Court from the Internal Revenue Service to be credited to the "memory of Dwayne Keith Crawford." *See* Dkts. 58 and 59. Mr. Crawford contends that "this negotiable instrument is for the settlement of Case 13-5082." *See id*.

The Court does not accept these statements as a response in opposition to the Government's instant motion, as there is no mention or direct response that they have either been filed by Mr. Haines or anyone who properly represents the legal interests of Mr. Haines in this matter, or that the statements relate to the Government's motion to dismiss Mr. Haines's counterclaims. Furthermore, to the extent the Court understands these submissions, they essentially contain the same arguments that the Court has previously deemed improper pleadings or denied as legally frivolous. *See, e.g.*, Dkts. 37 at 5-7 and 43 at 3-4. Based on the record, the Government's instant motion is unopposed.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Under Local Rule 7(b)(2), the Court construes a plaintiff's failures to properly respond to a defendant's motion to dismiss "as an admission that the motion has merit."

**B. Application of Standards**

In Mr. Haines's answer, he asserts three counterclaims against the Government.[1] Dkt. 52 at 4. First, he reasserts the same arguments set forth in his denied motion to dismiss, contending that the United States' authority is limited to the District of Columbia and federal enclaves. *Id.* Second, he argues that only corporate profits are taxable, and that he has no obligation to pay income tax. *Id.* Third, he argues that his debt to the Government has been set off through a secret treasury account that holds millions of dollars on his behalf, which he can use to pay his public and private debts. *Id.*

The Government asks the Court to dismiss or strike Mr. Haines's three counterclaims on the basis that they are frivolous, noting that the Court has already deemed two out of the three to be legally frivolous. The Government is correct in its analysis of the Court's prior rulings regarding the bases on which Mr. Haines makes his counterclaims. The Government properly summarizes this Court's prior rulings as follows:

> The Court has already rejected as frivolous the arguments raised in Mr. Haines' first and third "counterclaims." These arguments are entirely based upon the same frivolous contentions raised in his Motion to Dismiss, i.e. that the United States and IRS lack taxing authority outside of the District of Columbia and federal enclaves and that Mr. Haines' liabilities were satisfied from a secret, fictional Treasury account maintained on his behalf.

---

[1] The Court agrees with the Government that:

> [w]hile Mr. Haines' first and second "counterclaims" are not counterclaims, but rather, in the nature of affirmative or additional defenses, pursuant to Fed. R. Civ. P. 8(c)(2), regardless of how the substance of a defense or counterclaim is designated on a pleading, the court must, as justice requires, treat the pleading as though it were correctly designated.

Dkt. 57 at 3 n.1.

> *See* Docket at #37 and #26. The United States has already extensively briefed the these contentions, and the courts have repeatedly found that arguments that the Internal Revenue Code is inoperable outside of the District of Columbia, that the IRS and the United States lack taxing authority, or that there are secret Treasury accounts citizens can use to satisfy their public and private debts are frivolous and raising these arguments is sanctionable. *See* Docket at #18 and #26.

Dkt. 57 at 3.

The Court has already determined that the substance of Mr. Haines's first and third counterclaims are legally frivolous. A claim or counterclaim is legally frivolous when there is no basis in law or fact to support it and is wholly without merit. Mr. Haines fails to state a cognizable legal theory or allege facts that could in any way support a legal claim against the Government or could properly be a defense to the claims asserted against him. Additionally, Mr. Haines's failure to file a response opposing the Government's motion to dismiss as to these two counterclaims is construed as an admission that the Government's motion has merit. *See* Local Rule 7(b)(2). Consistent with its prior rulings, the Court finds Mr. Haines's first and third counterclaims are legally frivolous and dismisses them.

Finally, Mr. Haines's second counterclaim, that he is not obliged to pay individual income tax, is contrary to law. As the Government properly observes, "[t]he payment of federal income tax is not voluntary, and the definition of 'income' under the Internal Revenue Code plainly includes individual, as opposed to corporate, income within its definition." Dkt. 57 at 4 (*citing* 26 U.S.C. § 61; *Commissioner v. Glenshaw Glass*, 348 U.S. 426, 429-30 (1955); *United States v. Schiff*, 379 F.3d 621 (9th Cir. 2004*), cert. denied*, 546 U.S. 812 (2005) (affirming the district court's injunction barring Irwin Schiff

from selling a tax scheme that fraudulently claimed that payment of federal income tax is voluntary); *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir. 1998) (rejecting arguments that payment of taxes is voluntary and that wages are not income and imposing sanctions for raising these frivolous arguments)). Again, Mr. Haines's failure to file a response opposing the Government's motion to dismiss as to this counterclaim is construed as an admission that the Government's motion has merit. *See* Local Rule 7(b)(2). Further, consistent with the case law cited above, the Court finds Mr. Haines's second counterclaim is contrary to law and legally frivolous. Mr. Haines fails to state a cognizable legal theory or allege facts that could in any way support a legal claim against the Government or could properly be a defense to the claims asserted against him. Mr. Haines's second counterclaim is therefore dismissed.

## III. ORDER

Therefore, the Court hereby **GRANTS** the Government's motion to dismiss and strike Mr. Haines's counterclaims (Dkt. 57).

Dated this 30th day of October, 2013.

BENJAMIN H. SETTLE
United States District Judge