1     Honorable Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. C 13-5082 BHS |
| Plaintiff, | **AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| DANIEL F. HAINES; YOSHIKO S. HAINES; PIERCE COUNTY; and TRADEWIND INVESTMENTS, | |
| Defendants. | |

This order supersedes and replaces the Court's prior Order Granting Plaintiff's Motion for Summary Judgment (Dkt. 91). This matter comes before the Court on Plaintiff United States of America's ("Government") motion for summary judgment (Dkt. 65). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

[PROPOSED] AMENDED ORDER GRANTING PLAINTIFF'S
MOT. FOR SUMM. J.
(Case No. C13-5082 BHS)

1

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202.307.2956

# I. PROCEDURAL HISTORY

On February 7, 2013, the Government filed a complaint against Defendants Daniel F. Haines, Yoshiko S. Haines, and Tradewind Investments ("Tradewind") seeking a judgment for unpaid taxes. Dkt. 1.

On August 28, 2013, the Clerk entered default against Tradewind Investments. Dkt. 48.

On March 26, 2014, the Government filed a motion for summary judgment against Daniel Haines ("Haines") and for default judgment against Tradewind Investments. Dkt. 65. On June 3, 2014, the Court stayed the matter because Haines filed for bankruptcy protection. Dkt. 76. On September 3, 2014, the Court lifted the stay, renoted the Government's motion for summary judgment, and informed Haines that his response was due no later September 22, 2014. Dkt. 87. Although Haines filed a response, he only objects to the lifting of the stay and fails to contest the merits of the Government's motion. See Dkt. 88. Tradewind Investments did not file a response to the motion for summary judgment.

To the extent that Haines's response is a motion to reconsider the order lifting the stay, the motion is denied. The Court has already considered Haines's arguments and denied his objections. The only changed circumstance is that he has actually filed a bankruptcy appeal with the appellate panel. Such an appeal, however, does not extend the automatic stay provisions of bankruptcy law and Haines has failed to meet his burden to show that a stay is appropriate under any other standard. Therefore, the Court declines to stay this matter and will consider the Government's motion.

# II. FACTUAL BACKGROUND

The facts are uncontested and thoroughly set forth in the Government's brief. Dkt. 65.

### III. DISCUSSION

A. **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

[PROPOSED] AMENDED ORDER GRANTING PLAINTIFF'S
MOT. FOR SUMM. J.
(Case No. C13-5082 BHS)

3

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202.307.2956

1 to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at
2 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will
3 not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

4 **B.    Tax Years 1992-1995**

5     For the years 1992-1995, the Government argues that Haines is barred from contesting
6 his indebtedness based on the doctrine of *res judicata*. Dkt. 65 at 10–11. The Court agrees.
7 Hainse contested his liability for these years before the Tax Court and his liability was
8 conclusively established in 2000. Therefore, the Court grants the Government's motion for these
9 tax years.

10 **C.    Tax Years 1997-2002, 2005, & 2008**

11     With regard to the tax years 1997-2002, 2005, & 2008, the Government has met its
12 burden to show liability by submitting some minimal evidence that Haines participated in at least
13 some income-generating activity. *See Palmer v. I.R.S.*, 116 F.3d 1309, 1313 (9th Cir. 1997)
14 (citing *Weimerskirch v. Comm'r*, 596 F.2d 358, 360 (9th Cir. 1979)). Haines has failed to contest
15 this evidence and failed to show that a material question of fact exists regarding his liability.
16 Therefore, the Court grants the Government's motion for these tax years.

17 **D.    Foreclosure**

18     The Government requests that the Court enter judgment that it may foreclose upon
19 Haines's property. The Government contends that it has a valid tax lien against Haines's
20 property, Tradewind has no interest in the property, and that the Court should order the property
21 sold to satisfy Haines's tax liabilities. Dkt. 65 at 15–22. The Court agrees and Haines has failed
22 to show that any question of fact exists on any of these issues. Therefore, the Court grants the
23

[PROPOSED] AMENDED ORDER GRANTING PLAINTIFF'S    4
MOT. FOR SUMM. J.
(Case No. C13-5082 BHS)

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202.307.2956

1  Government's motion on the issue of whether it may foreclose on Haines's property to satisfy his
2  tax liabilities.

3  **E.      Default Judgment against Tradewind Investments**

4  The Government requests that the Court enter default judgment against Tradewind
5  Investments, extinguishing any interest it may claim in the real property at issue. The Court
6  agrees that Tradewind Investments has had ample opportunity to appear in this litigation through
7  counsel and state its claim, if any, to the real property at issue. It has failed to do so. Default was
8  appropriately entered against Tradewind Investments on August 28, 2013 (Dkt. 48). Tradewind
9  Investments has done nothing to remedy that default, nor does the evidence in the record support
10 any claim that its default in this case was due to excusable neglect. Accordingly, Tradewind
11 Investments is subject to a default judgment extinguishing any interest it may have in the real
12 property at issue in this case. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

13                                    **IV. ORDER**

14 Therefore, it is hereby ORDERED that the Government's motion for summary judgment (Dkt.
15 65) is GRANTED, and the clerk shall enter judgment.

17 Dated this 22 day of October, 2014.

20                                                United States District Judge

[PROPOSED] AMENDED ORDER GRANTING PLAINTIFF'S     5
MOT. FOR SUMM. J.
(Case No. C13-5082 BHS)

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202.307.2956